414 S.E.2d 445

**Greg D. MARTIN, Robert W. Burk, Jr., and Others in a Like and Similar Circumstance, Petitioners**

**v.**

**Carole JONES, Circuit Clerk of Wood County, Lin Humphries, Circuit Clerk of Ohio County, and Other Circuit Clerks, and Ken Hechler, in his Official Capacity as Secretary of State and Chief Elections Officer of the State of West Virginia, Respondents.**

No. 20868.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 28, 1992.

Decided Jan. 29, 1992.

Robert W. Burk, Jr., Parkersburg, W.Va., for petitioners.

A. Renee Coe, Deputy Secretary of State Charleston, W.Va., for respondent, Secretary of State.

NEELY, Justice:

This is an original mandamus brought pursuant to *W.Va.Code*, 3-1-45 [1963], by the Honorable Greg D. Martin and the Honorable Robert W. Burk, Jr. against the Circuit Clerk of Wood County, the Circuit Clerk of Ohio County and the Secretary of State. The petitioners seek to require the respondents to accept their "Candidate's Certificates of Announcement for the 1992 Elections." [1]

## I.

Mr. Martin is a resident of Ohio County and serves as a Delegate from the Third District in the West Virginia Legislature. Mr. Burk is a resident of Wood County and serves as a Delegate from the Eighth District in the West Virginia Legislature. When the West Virginia Legislature reapportioned the delegate districts pursuant to *W.Va. Const.*, Art. VI, § 10, Mr. Martin's and Mr. Burk's districts were substantially rearranged. Both petitioners now intend to move into different and "new" delegate districts within their current counties.[2]

The respondent Secretary of State has told the petitioners that he believes the provisions of *W.Va. Const.*, Art. VI, § 12 prohibit them from filing in their new districts. *W.Va. Const.*, Art. VI, § 12 provides:

No person shall be a senator or delegate who has not for one year next preceding his election, been a resident within the district or county from which he is elected; and if a senator or delegate remove from the district or county for which he was elected, his seat shall be thereby vacated.

We have previously held that this one year residency requirement serves a compelling state interest and does not violate the fundamental constitutional rights of either the candidates or the voters. *White v. Manchin*, 173 W.Va. 526, 318 S.E.2d 470 (1984). As we recognized in *White*, however, the right to become a candidate for public office is a fundamental right, and any restriction on this right must serve a compelling state interest. *White, supra* 173 W.Va. at 543, 318 S.E.2d at 488. In upholding the constitutionality of the residency requirement, we noted three reasons why similar requirements have been upheld by other states:

First, these requirements promote candidate familiarity with the needs and problems of the people to be represented. Second, these requirements promote voter familiarity with the character, intelligence and reputation of the candidates. Finally, durational residency requirements further the goal of precluding frivolous or fraudulent candidacy by those who are more interested in public office than in public service.

*White, supra* 173 W.Va. at 545, 318 S.E.2d at 489.

None of the evils our *Constitution* seeks to avoid by this residency requirement,

---

1. The respondent Secretary of State agrees with the petitioners that a narrow reading of *W.Va. Const.*, Art. VI, § 12, would be unfair to petitioners, but he feels compelled to such a reading by our decision in *White v. Manchin*, 173 W.Va. 526, 318 S.E.2d 470 (1984). Accordingly, the Secretary of State *joins* the petitioners in asking that we grant the writ of mandamus.

2. In fact, because of the reapportionment, all delegate districts are new. The petitioners seek, by moving, to remain with the bulk of their current constituents.

however, is even vaguely suggested by the facts of either of petitioners' cases. The petitioners wish only to remain with the constituents they currently represent. These constituents are already familiar with the character, intelligence and reputation of Mr. Martin and Mr. Burk. And, finally, Mr. Martin and Mr. Burk do not wish to engage in frivolous or fraudulent candidacies. On the contrary, they wish to *continue* in their current laudable enterprise of public service.

We find that the reasons stated in *White* were at the heart of our *Constitution's* framers' intent when they drafted *W.Va. Const.*, Art. VI, § 12. Certainly the drafters never envisaged this situation where a technical impediment would prevent serving legislators from continuing to represent their own constituents or prevent challengers in like circumstances from filing. To allow such a reading of *W.Va. Const.*, Art. VI, § 12 to deny petitioners' constituents the right to petitioners' continued services or the services of others who were lately in the same district would be the ultimate exaltation of form over substance.[3] Such a reading would invite frequent visits by that most common of old political friends, the gerrymander. The petitioners did not move away from their districts; their districts moved away from them. Furthermore, given that the redistricting statute, Enrolled Committee Substitute for House Bill No. 301 and Enrolled House Bill No. 4043, was passed less than one year before the 1992 general election, it is not possible for serving legislators or challengers in like circumstances to rearrange their residences within the one year spoken of by *W.Va. Const.*, Art. VI, § 12. A narrow reading of *W.Va. Const.*, Art. VI, § 12, then, invites outrageous and destructive political maneuvering every ten years. Clearly, this was not the intent of the drafters of our *Constitution.*

## II.

In those cases in which a person moves to a new district, a part of which was in his old district, after a legislative reapportionment occurring so close to election day that less than a year remains before the general election, we find that the residency requirement of *W.Va. Const.*, Art. VI, § 12 has been met. Therefore, we grant the petitioners' writ and direct the respondents to accept the petitioners' "Candidate's Certificates of Announcement for the 1992 Election." Others in similar situations should be guided by this opinion. We further direct the respondent Secretary of State to revise his official documentation regarding elections accordingly. However, to be eligible to be on the general election ballot, a candidate must actually reside in the district he seeks to serve on or before the day of the general election.

Writ granted.

---

**3.** Since the time of Aristotle, men have realized that jurisprudence is comprised of both law and equity. As Aristotle explained it:

When the law speaks universally ... and a case arises ... which is not covered by the universal statement, then it is right, where the legislator fails us and has erred by oversimplicity, to correct the omission [and] say what the legislator himself would have said had he been present and would have [wanted to] put into his law had he known [the particular circumstances of its enforcement].... This is the nature of the equitable, a correction of law where it is defective owing to its universality. *See Ethics* (McKeon ed.).