631 A.2d 576

WILLIAM MOTLEY, PLAINTIFF, v. NEIL COHEN; WALTER HAL-PIN, UNION COUNTY CLERK; LILLIAN TRAINOR, DI-RECTOR, OFFICE OF THE SECRETARY OF STATE; AND THE UNION COUNTY BOARD OF ELECTIONS, DEFENDANTS.

Superior Court of New Jersey
Law Division Union County

Decided April 28, 1993.[1]

---

[1] This is an amplification of an oral bench decision.

*Hassen I. Abdellah,* for plaintiff.

*Frederic S. Kessler,* for defendant Neil Cohen (*Clapp & Eisenberg,* attorneys).

*David S. Griffiths,* Deputy Attorney General, for defendant Lillian Trainor (*Fred DeVesa,* Attorney General, attorney).

BEGLIN, A.J.S.C.

Plaintiff, William Motley, is a candidate for the Democratic Party nomination for the 20th District General Assembly seat. He challenges the candidacy of defendant Neil Cohen, who has also filed his petition for the same nomination for the primary election scheduled on June 8, 1993. Cohen established his residence in the Borough of Roselle, within the 20th District, in October 1992. Plaintiff's challenge is based on Cohen's alleged failure to satisfy the one year residency requirement of the New Jersey Constitution.

Art. IV, § 1, ¶ 2 of the Constitution, in setting forth the qualifications for membership in the Legislature, provides that "No person shall be a member of the General Assembly who shall not ... have been ... a resident ... of the district for which he

shall be elected one year, next before his election...." Plaintiff contends that Cohen's candidacy must be disqualified because he will not have resided in the 20th District for one year before the primary election.[2]

The issue is what does "one year, next before his election" mean? The answer is found both in the Constitution and in an understanding of the primary election process.

Art. II, ¶ 1 of the Constitution directs that "members of the Legislature shall be chosen at general elections." That language strongly suggests, by itself, that one year "next before" the election of the Assemblyperson is to be measured from the date of the general election. But beyond that, there is good reason for the Constitution to be read in that fashion.

"The party system and the direct primary were not created by our Constitution and are not referred to therein." *Stevenson v. Gilfert,* 13 *N.J.* 496, 507, 100 *A.*2d 490 (1953). Primary elections are governed by statute. Chapter 23 of Title 19, *Elections,* is entitled "Primary for General Election," *N.J.S.A.* 19:23–1 to –58, and a primary election is defined as "the procedure whereby the members of a political party ... nominate candidates to be voted for at general elections ...," *N.J.S.A.* 19:1–1. Throughout Chapter 23, the primary is repeatedly referred to as "a primary election of a political party" (see, for example, *N.J.S.A.* 19:23–8, 17, 23, 41 and 45) or, as a "primary election for the general election" (see, for example, *N.J.S.A.* 19:23–5, 26.2, 40, 42, 49 and 58).

The primary represents the first step of our two stage election system, the process by which members of a political party select that party's candidates for the general election. Voters must qualify as members of the party to be entitled to vote in a primary

---

[2] Lillian Trainor, Director of the Division of Elections in the Office of the Secretary of State, has been named a defendant for her asserted refusal to investigate the residency issue urged by plaintiff, and Walter G. Halpin, the Union County Clerk, and the Union County Board of Elections, have been named parties defendant to assure they will be bound by the judgment of this court in their preparation and distribution of the ballot.

election. "(A) party's internal decision-making process ... is all that a primary election is." *Smith v. Penta,* 81 *N.J.* 65, 73, 405 *A.*2d 350 (1979). It is "the major avenue of access to the general election ballot" by which the party membership determines which candidates it choses to present to the electorate in that general election. Note, *Primary Elections: The Real Party in Interest,* 27 *Rutgers L.Rev.* 298, 305 (1974). The primary then is not an end in itself; it is not an election at which a final result is obtained. Rather, the successful primary candidate must stand in the general election; the primary is *for* that general election. Indeed, because the primary process is the nomination procedure of a political party, an independent candidate runs only in the general election. Such a candidate's residency must necessarily be calculated from the date of that general election.

The phrase "next before his election" therefore means that by the date of the general election, a candidate for the General Assembly must have been a resident of the district he or she seeks to represent for one year. *Accord:* Attorney General's Formal Opinion No. 5, 105 *N.J.L.J.* 402 (1980); *Martin v. Jones,* 186 *W.Va.* 684, 414 *S.E.*2d 445 (1992); and *White v. Manchin,* 173 *W.Va.* 526, 318 *S.E.*2d 470, 486 (1984), construing identical language of the Constitution of West Virginia. No other reading of the Constitutional requirement is permissible. Because there is no question that Cohen will satisfy this mandate by the general election scheduled November 2, 1993, plaintiff's challenge to his candidacy must fail.

Defendants' motion is granted and the complaint is dismissed.